UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO VENEGA,<br><br>          Petitioner,<br><br>     v.<br><br>GARY SWARTHOUT,<br><br>          Respondent. | 1:11-cv—01381-SKO-HC<br><br>ORDER DISMISSING THE FIRST AMENDED PETITION WITHOUT LEAVE TO AMEND (Doc. 7)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on August 29, 2011 (doc. 6). Pending before the Court is the first amended petition (FAP), which was filed on September 15, 2011.

I.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner alleges that he is an inmate of the Avenal State Prison (ASP) serving a sentence of fifteen (15) years to life plus seven (7) years for a conviction of second degree murder and robbery with enhancements sustained in 1982 in the

2

Superior Court of the State of California for the County of San Francisco.  (FAP 1.)  He challenges the denial of parole by California's Board of Parole Hearings (BPH) after a hearing held on April 6, 2010.  (Id. at 11:19-21.)

Petitioner raises the following claims in the petition:  1) the BPH violated Petitioner's right to due process of law by relying on the commitment offense because the commitment offense lacked any predictive value concerning Petitioner's suitability for parole; 2) the BPH violated Petitioner's right to due process of law by relying on an unauthorized psychological evaluation of Petitioner; 3) the BPH denied Petitioner's due process rights by finding a lack of insight because such a finding is not part of Cal. Code Regs., tit. 15; 4) the BPH violated Petitioner's rights under Apprendi v. New Jersey and Blakely v. Washington by relying on the psychological evaluation and factors relevant to parole suitability that were not presented to a jury and found true beyond a reasonable doubt; and 5) the BPH violated Petitioner's First Amendment rights by ordering him to attend Alcoholics Anonymous (AA) programs in order to be found suitable for parole. (FAP 4-5.)

Attached to the petition is a transcript of the parole consideration hearing held by the BPH on April 6, 2010.  (FAP 117-210.)  The transcript reveals that Petitioner attended the hearing with counsel, who made a statement on Petitioner's behalf; Petitioner had an opportunity to review pertinent records before the hearing, answered questions from the BPH under oath, and made a statement in his own behalf.  (Id. at 119-20, 124, 125-89, 184-87, 187-89.)  Petitioner also attached to the

3

petition a copy of the BPH's statement of reasons for the decision, which was made in Petitioner's presence at the conclusion of the hearing. (Id. at 190-214.)

## II. Failure to Allege Cognizable Due Process Claims concerning the Evidence before the Board of Parole Hearings

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause,ncwhich in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. -, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1]

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific

4

Swarthout v. Cooke, 131 S.Ct. 859, 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63.

Here, in his first, second, and third claims, which concern

---

facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

5

the BPH's and state courts' reliance on Petitioner's commitment offense, a psychological evaluation, and Petitioner's lack of insight to find Petitioner unsuitable for release on parole, Petitioner is challenging the application of the "some evidence" rule.  Petitioner thus asks this Court to engage in the very type of analysis foreclosed by Swarthout.  Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement.  Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

Petitioner also claims that the BPH's reliance on a lack of insight was improper because it was not a part of California's regulatory criteria for unsuitability.  Petitioner relies on state law in connection with this claim.  (Pet. 4.)

To the extent that Petitioner's claim rests on state law, it is not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). Thus, in his first, second, and third claims, Petitioner has failed to allege a claim that is within this Court's scope of review pursuant to 28 U.S.C. § 2254.

///

1    Although in this respect Petitioner has failed to allege a
2 claim cognizable in this proceeding, a petition for habeas corpus
3 should not be dismissed without leave to amend unless it appears
4 that no tenable claim for relief can be pleaded were such leave
5 granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).
6    Here, the documents submitted by Petitioner with the FAP
7 demonstrate that Petitioner was able to review his records before
8 the hearing, had an opportunity to be heard at the hearing, and
9 received a statement of the BPH's reasons for denying parole.
10 Thus, the petition itself shows that Petitioner received all
11 process that was due in connection with his parole suitability
12 hearing.
13    Accordingly, Petitioner's first, second, and third claims
14 concerning the evidence will be dismissed without leave to amend.
15    III. Apprendi Claim
16    Petitioner alleges that the BPH violated his rights under
17 Apprendi v. New Jersey and Blakely v. Washington by relying on
18 the psychological evaluation and factors relevant to parole
19 suitability that were not presented to a jury to find beyond a
20 reasonable doubt. The Court understands the references to be to
21 Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v.
22 Washington, 542 U.S. 296 (2004).
23    In Apprendi, the Court held that any fact other than a prior
24 conviction that is necessary to support a sentence exceeding the
25 maximum authorized by the facts established by a plea of guilty
26 or a jury verdict must be admitted by a defendant or proved to a
27 jury beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S.
28 466, 490; United States v. Booker, 543 U.S. 220, 244 (2005). In

7

Blakely v. Washington, 542 U.S. 296, 303 (2004), the Court held that the "statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303.  In California, an indeterminate sentence of fifteen years to life is in legal effect a sentence for the maximum term of life, subject only to the power of the parole authority to set a lesser term. People v. Dyer, 269 Cal.App.2d 209, 214 (1969).

Here, in denying parole, the BPH did not increase Petitioner's sentence beyond the statutory maximum of life imprisonment for second degree murder. See, Cal. Pen. Code § 190(a).  To the extent that Petitioner was sentenced for a robbery with enhancements (FAP 1), the transcript of the sentencing attached to the petition reflects that Petitioner was sentenced to the upper term of five years, with two additional years for personal use of a firearm pursuant to Cal. Pen. Code § 12022.5, for a total of seven years.  (Id. at 288-89.)  The sentence on the robbery did not exceed the statutory maximum of five years for second degree robbery pursuant to Cal. Pen. Code §§ 212.5 and 213 or the maximum possible enhancement pursuant to § 12022.5.  Accordingly, Petitioner has not stated facts concerning an Apprendi claim that would entitle him to relief.

Further, the Court is mindful of the discretionary and predictive nature of the evaluations made by the BPH in considering release of an inmate on parole. See, Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 9-10 (1979).  The Court is not aware of any Supreme Court authority

applying the principles of <u>Apprendi</u> to parole proceedings.  The Court notes that Petitioner was not entitled to a jury trial or proof beyond a reasonable doubt in his parole proceedings. <u>United States v. Knights</u>, 534 U.S. 112, 120 (2001) (no right to jury trial or proof beyond a reasonable doubt in proceedings to revoke probation); <u>United States v. Huerta-Pimentel</u>, 445 F.3d 1220, 1225 (9th Cir. 2006) (a judge's finding by a preponderance of the evidence that a defendant violated the conditions of supervised release does not raise a concern regarding the Sixth Amendment); <u>see</u>, <u>Swarthout v. Cooke</u>, 131 S.Ct. at 862.  Instead, Petitioner was entitled to the relatively minimal processes of <u>Greenholtz</u>.  Thus, <u>Apprendi</u>, which concerns a right to jury trial and proof beyond a reasonable doubt to a jury, is not applicable to parole proceedings.

The Court concludes that Petitioner did not allege facts showing a denial of his right to due process of law by the absence of a jury trial.  Because the defect in Petitioner's claim rests upon the nature of the claim and not the absence of any specific factual allegations, the claim will be dismissed without leave to amend.

IV.  <u>First Amendment Claim</u>

Petitioner argues that the BPH violated his First Amendment rights by ordering him to attend AA or NA, which healleges are religiously based programs.  (FAP 5.)

Petitioner alleged generally that the BPH violated his rights by requiring him to attend the programs.  (FAP 5.)  In the body of the FAP, Petitioner alleged no other specific facts concerning the conduct of the BPH of which he complains.

9

However, Petitioner appended to his FAP a copy of a petition to the California Supreme Court in which he alleged that the only substance abuse programming offered at Solano, where he apparently was previously housed, was AA. (FAP 59.) Petitioner alleges in the FAP that he is an inmate of the Avenal State Prison. (FAP 1.)

At the parole hearing, Petitioner informed the BPH that he was in AA and had been for two and one-half decades, but he had not participated in any self-help since his last parole hearing in April 2007 except for Forty Days of Purpose. (Id. at 144, 162-63.) His record showed AA attendance from 1992 through 2003, but he continued to have prison disciplinary problems with substance abuse. When he transferred to another prison, he suffered a stroke, did not have the chance to participate further, and forgot a lot about the steps after the stroke. (Id. at 164-67.) The BPH noted that otherwise, Petitioner did not have a lot of documentation of self-help in his file. (Id. at 168.)

Petitioner did not inform the BPH of any conflict between his religion and participation in AA, or of any other fact that would have indicated that participation in AA was no longer desired.

The pertinent portion of the BPH's explanation for its decision is as follows:

> You did participate in one self-help group since your last hearing, 4/5/07, 40 Days of Purpose. And you had a Zero Tolerance self-help you participated back in 2006. Although you had a long history of participating in a substance abuse program, AA, you really didn't know the steps. And you really do not appear to have really internalized the process,

10

> but you did participate for a long span, a couple, what did you tell the Commissioner, a couple decades. It's documented that you did participate, but your last participation as far as the Panel is concerned was in 2003. So, we commend you for the participation back then and encourage you to re-involved (sic) yourself in some type of substance abuse programming and make that an extension of your parole planning. And with that, we'll return to the Commissioner.

(FAP 208.) In explaining the reasons for its decision, the BPH recommended that Petitioner remain disciplinary-free, and "participate in available for you self-help programs." (FAP 202.)

In Inouye v. Kemna, 504 F.3d 705 (9th Cir. 2007), the court considered whether state parole authorities had qualified immunity in a § 1983 suit by a plaintiff who alleged that as a condition of parole, they required his attendance in drug treatment programs (AA and NA) rooted in a regard for a higher power. In response to the argument of a defendant supervisory parole officer that the law was not clearly established at the time, the court held that the law "was and is very clear, precluding qualified immunity...." Inouye, 504 F.3d at 711-12. The court found that there had been consistent articulation of the principle that the government may not coerce anyone to support or participate in religion or its exercise, or punish anyone for not so participating. Id. at 713 (citing Everson v. Board of Education of Ewing Township, 330 U.S. 1 (1947) and Lee v. Weisman, 505 U.S. 577, 587 (1992)). The court further noted that the basic test for Establishment Clause violations remains that stated in Lemon v. Kurtzman, 403 U.S. 602, 613 (1971), namely, that the government acts 1) have a secular legislative purpose, 2) not have a principal or primary effect which either

11

advances or inhibits religion, and 3) not foster an excessive government entanglement with religion. Id. at 713 n.7. The court concluded that recommending revocation of parole for a parolee's failure to attend the programs after an order to participate was given was unconstitutionally coercive. Id. at 713-14. In finding the law clear, the court in Inouye relied not only on lower court decisions but also in part on the decisions of the United States Supreme Court and the absence of any Supreme Court case upholding government-mandated participation in religious activity in any context. Id. at 715.

In Turner v. Hickman, 342 F.Supp.2d 887 (E.D.Cal. 2004), a Christian inmate alleged that parole authorities expressly conditioned the plaintiff's eligibility for release on parole in part upon participation in NA. Id. at 890. This Court concluded that by repeated application of the "coercion" test set forth in Lee v. Weisman, 505 U.S. 577, 587 (1992), the Supreme Court had made the law clear. Turner, 342 F.Supp.2d at 894. By expressly telling the plaintiff he needed to participate in NA to be eligible for parole, the state had acted coercively to require participation in a program in which the evidence showed that belief in "God" was a fundamental requirement of participation. Id. at 895-96. Accordingly, the First Amendment prohibited the requirement. Id. at 896-99.

However, even if the Court proceeds on an understanding that there is clearly established federal law as determined by the Supreme Court of the United States that prohibits either punishing an inmate for failing to participate in AA or NA, or coercing an inmate to participate in NA or AA religious

activities, it nevertheless does not appear that Petitioner is entitled to relief. The BPH noted Petitioner's recent history of reduced participation in substance abuse programming but only directed Petitioner to participate in some type of substance abuse or self-help programming that was available.

It thus appears from the documents attached to the petition submitted by Petitioner that in denying Petitioner's parole, the BPH did not coerce Petitioner into participating in a religious program. Rather, the BPH encouraged Petitioner to involve himself anew in "some type of" substance abuse programming in connection with planning for release on parole, and the direction was further limited to available programs. In view of the absence of any objection by Petitioner or discussion of the precise programs available to Petitioner, the record reflects that Petitioner retained some element of choice with respect to the precise program. No religious programming was required by the BPH. The element of coercion necessary for a claim under the First Amendment is thus shown by the record to be lacking. With respect to this claim, Petitioner has failed to state facts showing that he is entitled to relief.

V. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial

of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

///

1    Accordingly, the Court will decline to issue a certificate
2 of appealability.
3    VI.  <u>Disposition</u>
4    Accordingly, it is ORDERED that:
5    1) The petition for writ of habeas corpus is DISMISSED
6 without leave to amend for failure to state a claim cognizable in
7 a proceeding pursuant to 28 U.S.C. § 2254; and
8    2)  The Court DECLINES to issue a certificate of
9 appealability; and
10    3)  The Clerk is DIRECTED to close the case because this
11 order terminates it in its entirety.

13 IT IS SO ORDERED.
14 **Dated:   January 3, 2012**              /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE